UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ERIKA SEAMAN,**

    **Plaintiff,**

                      **CASE NO.:**

v.

**ORANGE COUNTY, FLORIDA**
**BOARD OF COUNTY COMMISSIONERS,**

    **Defendant.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, ERIKA SEAMAN, by and through undersigned counsel, brings this action against Defendant, ORANGE COUNTY, FLORIDA BOARD OF COUNTY COMMISSIONERS, and in support of her claims states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 *et seq.*, the Rehabilitation Act of 1992, as amended ("Rehab Act"), 29 U.S.C. § 701, *et seq.,* the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 *et seq.,* and the Family and Medical Leave Act, of 1993, as amended, ("FMLA"), 29 U.S.C. § 2601 *et seq.*

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 42 U.S.C. § 12101 *et seq.*, and 29 U.S.C. § 701, *et seq.* This Court also has pendent jurisdiction over the state law claims.

3. Venue is proper in this District, because all of the events giving rise to these claims occurred in Orange County, which is in this District.

## PARTIES

4. Plaintiff is a resident of Orange County, Florida, and she worked in Orange County, Florida.

5. Defendant is also located in Orange County, Florida.

## GENERAL ALLEGATIONS

6. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADA, Rehab Act, the FCRA, and the FMLA.

7. At all times material hereto, Defendant was an "employer" within the meaning of the FMLA, employing fifty (50) or more employees within a seventy five (75) mile radius for each working day during each of twenty (20) or more calendar work weeks in the current or preceding year.

8. At all times material hereto, Defendant employed fifteen (15) of more employees. Thus, Defendant is an "employer" within the meaning of the ADA and the FCRA.

9. Defendant receives federal financial assistance. Defendant is responsible for the acts, omissions, and claims set forth in this Lawsuit and, at all times relevant hereto, was an "employer" within the meaning of the Rehab Act and § 20-602.

10. Plaintiff has satisfied all conditions precedent, or they have been waived.

11. Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

12. Plaintiff requests a jury trial for all issues so triable.

## **FACTS**

13. Plaintiff began working for Defendant in or around September 2003, as the supervisor of the Programs Team inside Orlando County Jail.

14. Plaintiff is a qualified individual with a disability as defined by the ADA, FCRA, and Rehab Act.

15. Specifically, Plaintiff suffered from a miscarriage, as well as post-traumatic stress disorder ("PTSD").

16. During the course of Plaintiff's employment, Defendant subjected Plaintiff to disparate treatment and discriminated against her based on her disability.

17. In or around July 2022, Plaintiff informed her Supervisor, Harriet Mathis, that she tragically experienced a miscarriage.

18. Plaintiff required and requested the reasonable accommodation of being permitted to be roughly on hour late to work the next day, as she needed to go see her gynecologist in the morning.

19. Immediately thereafter, in discrimination against Plaintiff for her disability (the miscarriage) and in retaliation for Plaintiff having engaged in this protected activity, Ms. Mathis, erroneously informed Defendant's upper management of a falsehood about Plaintiff.

20. Based on this falsehood, Defendant's Deputy Chief of Corrections, Anthony Watts, instructed Plaintiff's Manager, Amy Hunsiker, to detain Plaintiff in her office.

21. On or around this same day in July 2022, Plaintiff was traumatically detained in her office at, while the Orlando Police Department searched Plaintiff's home.

22. This traumatic and distressing nature of these events led to Plaintiff being diagnosed with severe PTSD by her medical providers.

23. Following Plaintiff's diagnosis, Plaintiff requested reasonable accommodations due to her disability.

24. Specifically, Plaintiff sought a brief medical leave of absence to allow her to undergo intensive therapy, which she was receiving twice per week.

25. Plaintiff was on an unpaid medical leave of absence for roughly twenty (20) weeks, after the July 2022 detainment.

26. During this leave of absence, Plaintiff also utilized FMLA leave.

27. Plaintiff returned to work in or around November 2022.

28. In or around November or December 2022, Plaintiff complained to her supervisor about the wrongful detainment that took place in July 2022, but Defendant did not take any action to remedy the wrongdoing that they perpetrated against Plaintiff.

29. In or around March 2023, Plaintiff requested the reasonable accommodation of her cell phone being allowed in the compound where she

worked, so that she could contact her medical provider when needed, due to her PTSD.

30. However, Defendant denied this accommodation and otherwise failed to engage in an interactive process regarding the reasonable accommodation.

31. Around his same time, Plaintiff requested an accommodation of not doing public speaking for the time-being and that she be permitted to not have interactions with those in involved in the July 2022 detainment, including Mr. Watts and Ms. Hunsiker.

32. Plaintiff was allowed to not engage in public speaking events.

33. However, Plaintiff was still occasionally subjected to seeing Mr. Watts and Ms. Hunsiker at work, as Defendant did not take appropriate steps to ensure that they do not have interaction with Plaintiff.

34. From on or around January 20, 2023, through September 7, 2023, Plaintiff utilized intermittent FMLA leave.

35. Additionally, from on or around January 20, 2023, through September 2023, Plaintiff sought a reasonable accommodation of intermittent medical leave, due to her PTSD.

36. In or around October 2023, Plaintiff applied for a promotion with Respondent to the position of Administrative Supervisor.

37. Plaintiff had the most experience in Programs and Re-Entry out of any other employee who applied for the position.

38. This experience which was vital for this position of Administrative Supervisor.

39. However, Defendant denied Plaintiff this position, due to her disability and in retaliation for engaging in protected activity.

40. Instead, Defendant gave the position to an individual who was less qualified than Plaintiff, as this individual had no experience with Programs and Re-Entry.

41. Notably, the hiring authority for this position was Ms. Hunsiker and Mr. Watts—the two main individuals responsible for the July 2022 wrongful detainment of Plaintiff.

42. In denying Plaintiff the position of Administrative Supervisor, based on her disability and in retaliation for engaging in protected activity, under the ADA, FCRA, Rehab Act, and FMLA, in violation of the ADA, FCRA, Rehab Act, and the FMLA.

## COUNT I – ADA VIOLATION
## (DISABILITY DISCRIMINATION)

43. Plaintiff realleges and readopts the allegations of paragraphs 1 through 6, 8, 10 through 33, and 35 through 42 of this Complaint, as though fully set forth herein.

44. Plaintiff is a member of a protected class under the ADA.

45. Plaintiff was subjected to disparate treatment by Defendant on the basis of her disability.

46. Specifically, Defendant shared a falsehood about Plaintiff, which led to Plaintiff's detainment, Defendant then denied Plaintiff's reasonable accommodation requests, and denied Plaintiff an employment position for which she was qualified, based on her disability.

47. Defendant's actions were willful and done with malice.

48. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter an injunction restraining continued violation of the ADA;

d) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

e) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

f) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

g) Any other compensatory damages, including emotional distress, allowable at law;

      h)     Punitive damages;

      i)     Prejudgment interest on all monetary recovery obtained.

      j)     All costs and attorney's fees incurred in prosecuting these claims; and

      k)     For such further relief as this Court deems just and equitable.

## COUNT II – ADA RETALIATION

49. Plaintiff realleges and readopts the allegations of paragraphs 1 through 28 of this Complaint, as though fully set forth herein.

50. Plaintiff is a member of a protected class under the ADA.

51. Plaintiff engaged in protected activity under the ADA by objecting to Defendant's disparate treatment of him, based on his disability and by requesting reasonable accommodations.

52. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by sharing a falsehood about Plaintiff, which led to Plaintiff's detainment, then denying Plaintiff's reasonable accommodation requests, and denying Plaintiff an employment position for which she was qualified, in retaliation for Plaintiff having engaged in protected activity.

53. Defendant's actions were willful and done with malice.

54. The adverse employment action that Defendant took against Plaintiff was material.

55. Plaintiff was injured due to Defendant's violations of the ADA, for which he is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

- a) A jury trial on all issues so triable;
- b) That process issue and that this Court take jurisdiction over the case;
- c) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;
- d) That this Court enter an injunction restraining continued violation of the ADA;
- e) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;
- f) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;
- g) Reinstatement of Plaintiff's full fringe benefits and seniority rights;
- h) Any other compensatory damages, including emotional distress, allowable at law;
- i) Punitive damages;
- j) Prejudgment interest on all monetary recovery obtained.
- k) All costs and attorney's fees incurred in prosecuting these claims; and

l)  For such further relief as this Court deems just and equitable.

## COUNT III – FCRA VIOLATION
## (DISABILITY DISCRIMINATION)

56. Plaintiff realleges and readopts the allegations of paragraphs 1 through 6, 8, 10 through 26, 27 through 33, and 35 through 42 of this Complaint, as though fully set forth herein.

57. Plaintiff is a member of a protected class under the FCRA.

58. Plaintiff was subjected to disparate treatment on the basis of handicap, disability, and/or perceived handicap/disability.

59. Specifically, Defendant shared a falsehood about Plaintiff, which led to Plaintiff's detainment, Defendant then denied Plaintiff's reasonable accommodation requests, and denied Plaintiff an employment position for which she was qualified, based on her disability.

60. Defendant's actions were willful and done with malice.

61. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a)  A jury trial on all issues so triable;

b)  That process issue and that this Court take jurisdiction over the case;

c)  Compensation for lost wages, including back pay with interest, benefits, and other remuneration;

    d)    Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

    e)    Any other compensatory damages, including emotional distress, allowable at law;

    f)    Punitive damages;

    g)    Prejudgment interest on all monetary recovery obtained.

    h)    All costs and attorney's fees incurred in prosecuting these claims; and

    i)    For such further relief as this Court deems just and equitable.

## COUNT IV – FCRA RETALIATION

62. Plaintiff realleges and readopts the allegations paragraphs 1 through 6, 8, 10 through 26, 27 through 33, and 35 through 42 of this Complaint, as though fully set forth herein.

63. Plaintiff is a member of a protected class under the FCRA.

64. Plaintiff engaged in protected activity under the FCRA by requesting a reasonable accommodation.

65. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by sharing a falsehood about Plaintiff, which led to Plaintiff's detainment, then denying Plaintiff's reasonable accommodation requests, and denying Plaintiff an employment position for which she was qualified, in retaliation for Plaintiff having engaged in protected activity.

66. Defendant's actions were willful and done with malice.

67. Defendant took material adverse action against Plaintiff.

68. Plaintiff was injured by Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a)     A jury trial on all issues so triable;

    b)     That process issue and that this Court take jurisdiction over the case;

    c)     Compensation for lost wages, including back pay with interest, benefits, and other remuneration;

    d)     Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

    e)     Any other compensatory damages, including emotional distress, allowable at law;

    f)     Punitive damages;

    g)     Prejudgment interest on all monetary recovery obtained.

    h)     All costs and attorney's fees incurred in prosecuting these claims; and

    i)     For such further relief as this Court deems just and equitable.

## COUNT V
## DISABILITY DISCRIMINATION - REHABILITATION ACT

69. Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 6, 9 through 25, 27 through 33, and 35 through 42 of this Complaint, as though fully set forth herein.

70. Defendant acted intentionally, in bad faith and with malice and reckless disregard for Plaintiff's rights under the Rehabilitation Act.

71. Defendant engaged in unlawful employment practices prohibited by the Rehabilitation Act, including sharing a falsehood about Plaintiff, which led to Plaintiff's detainment, denying Plaintiff's reasonable accommodation requests, and denying Plaintiff an employment position for which she was qualified, based on her disability.

72. Plaintiff is "handicapped" within the meaning of the Rehabilitation Act and relevant regulations.

73. Plaintiff was "otherwise qualified" for her position.

74. Defendant received federal financial assistance.

75. As a result of the Defendant's unlawful employment practices the Plaintiff has suffered damage, including, the loss of a significant employment opportunity with Defendant, lost wages, benefits, and other compensation, harm to her personal and professional reputation, emotional distress, and other pecuniary and non-pecuniary losses.

76. The Plaintiff has hired the undersigned lawyers and agreed to pay them a fee.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay, and the value of lost employment benefits;

(e) Compensatory damages, including emotional distress, allowable at law;

(f) Punitive damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as the Court deems just and equitable.

## COUNT VI
## RETALIATION – REHABILITIATION ACT

77. Plaintiff re-alleges paragraphs 1 through 6, 9 through 25, 27 through 33, and 35 through 42, as though set forth fully herein.

78. The foregoing actions of Defendant constitute retaliation in violation of the Rehabilitation Act.

79. Plaintiff engaged in protected activity as defined by the Rehabilitation Act.

80. Plaintiff suffered a materially adverse employment action as a result of engaging in such activity.

81. Defendant's actions were willful and done with malice.

82. Plaintiff has suffered loss of wages and other employment benefits and emotional pain, anguish, and hurt because of the actions of Defendant.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay, and the value of lost employment benefits;

(e) Compensatory damages, including emotional distress, allowable at law;

(f) Punitive damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as the Court deems just and equitable.

### COUNT VII – FMLA RETALIATION

83. Plaintiff realleges and readopts the allegations of paragraphs 1 through 7, 10 through 13, 15, 17 20 through 22, 24 through 28, 34, and 36 through 42 of this Complaint as fully set forth herein.

84. Plaintiff required time off from work to care for her serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

85. Plaintiff engaged in protected activity under the FMLA by exercising and/or attempting to exercise her FMLA rights.

86. Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA by denying Plaintiff a significant employment opportunity, for a pretextual reason.

87. Defendant's actions were willful and done with malice.

88. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a) That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by Defendant;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues so triable.

Dated this 5th day of June, 2025.

                              Respectfully submitted,

                              */s/ Brandon J. Hill*
                              **BRANDON J. HILL**
                              Florida Bar Number: 0037061
                              Direct Dial: 813-337-7992
                              **HANNAH E. DEBELLA**
                              Florida Bar Number: 1026002
                              **WENZEL FENTON CABASSA, P.A.**
                              1110 N. Florida Avenue, Suite 300
                              Tampa, Florida 33602
                              Main Number: 813-224-0431
                              Facsimile: 813-229-8712
                              Email: bhill@wfclaw.com
                              Email: hdebella@wfclaw.com
                              Email: aketelsen@wfclaw.com
                              **Attorneys for Plaintiff**